THOMAS H. KIMBALL *vs.* SAMUEL WILKINS.

Where a writ was by mistake made returnable at Salem, instead of Ipswich, and before the expiration of the time of service, the plaintiff caused the defendant to be notified of the mistake, and to be served with a new summons in which the mistake was corrected, and the action was regularly entered, it was held, that the writ might be amended.

THE writ in this case was made returnable at the June term of the court of common pleas, at Salem instead of Ipswich. The defendant was summoned, in the first instance, to appear at Salem; but before the expiration of the time of service, for June term, a new summons was served on him, requiring him to appear at Ipswich, and notice was given him, that the second service was designed to take the place of the first, to all which the officer's return conforms. The plaintiff, at the June term, moved for leave to amend his writ, by substituting "Ipswich" for "Salem," as the place of the holding of the court mentioned in the writ. But, by the judgment of the court, *Mellen,* J., presiding, the plaintiff's motion was disallowed, and the action ordered to be dismissed, without costs. The plaintiff thereupon alleged exceptions.

*S. Phillips,* for the plaintiff, referred to Rev. Sts. c. 100, §§ 21, 22; *Hearsey* v. *Bradbury,* 9 Mass. 95; *Bell* v. *Austin,* 13 Pick. 90.

*O. P. Lord,* for the defendant, referred to *Bell* v. *Austin,* 13 Pick. 90.

WILDE, J. Upon the facts reported, we are of opinion, that the plaintiff should have been allowed to amend his writ. The writ was made returnable at Salem, instead of

Ipswich, by mere mistake; and the defendant, after the mistake was discovered, was served with a new summons, returnable at Ipswich, and was notified of the mistake. The case comes clearly within the Rev. Sts. *c.* 100, § 21, which enacts that no writ, process, declaration, or other proceeding in the courts, or course of justice, shall be abated, arrested, quashed or reversed, for any circumstantial errors or mistakes, when the person and case may be rightly understood by the court, nor through defect or want of form only. And by the twenty-second section the courts are authorized to allow amendments, before final judgment, either in form or substance, of any process, pleading, or proceeding in any action pending in court. Now it seems to us impossible to hold, that this case cannot be rightly understood by the court, or by the parties, or that the defendant has been in any respect prejudiced by the mistake. The statute thereupon imperatively requires the allowance of the amendment.

*Exceptions sustained, and amendment allowed.*